In the Matter of the Life Association of America.

---

IN THE MATTER OF THE LIFE ASSOCIATION OF AMERICA, *Dissolved;* BOCKOVER, *Appellant.*

1. **Insurance Corporations :** INSOLVENT AND IN HANDS OF SUPERINTENDENT OF INSURANCE : DISTRIBUTION OF ASSETS : STATUTE : CONSTITUTION. Section 6034, Revised Statutes, in reference to insolvent insurance companies in the hands of the superintendent of insurance, provides that, if any company of the state shall, under the requirements of any law of another state, have on deposit, in such other state, securities, upon which the citizens of such other state have, by virtue of its laws, a lien, claim, or right, prior to that of citizens of other states, then no citizen or resident of the state in which such deposit is held shall be entitled to share in the distribution of the proceeds of the deposits or other assets in this state, until the amount deposited in such other state shall be deducted from the claims of the persons who, by the laws of such state or country, held such prior or superior lien, and until the other policy claimants and creditors of said company shall have received from

the proceeds of deposits, or other assets, an equal *per centum* on their claims. *Held*, (1) That the plaintiff, who was a resident policy holder of the state of Virginia, and entitled, under the laws of that state, to a lien for the sum so due him, as a policy holder, on a deposit of securities in that state, was not entitled to be paid, in this state, by the superintendent of insurance, a greater sum than sufficient to make him equal to creditors here of the same class. (2) That, although plaintiff's policy was issued in 1872, and the above statute enacted in 1879, yet, the latter is not unconstitutional on the grounds, either of impairing the obligation of a contract, or because retrospective in its operation.

2.   Constitution: STATUTE: IMPAIRING OBLIGATION OF CONTRACT: RETROSPECTIVE. The statute does not impair the obligation of a contract, for it simply places the foreign member of the corporation, or creditor, upon an equal footing with the creditor in this state; nor is it retrospective, for it does not apply to cases where the dissolution of the corporation took place before the passage of the law.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

AFFIRMED.

*Henry T. Kent* for appellant.

(1)   The special fund of ten thousand dollars, deposited, by the Life Association of America, with the treasurer of Virginia, was a necessary pre-requisite to its doing business in that state, and the said amount constituted a trust fund, to protect the Virginia policy holders upon any liabilities that might arise, on the part of said company. In other words, in addition to the general liability of the company, it made a special deposit, as a security for a certain class of its policy holders, to-wit: those who were citizens of Virginia. Virginia Code, 1873, ch. 36, secs. 28, 32, 33; Acts of 1876-7, pp. 244, 331-2; *Insurance Co. v. Coghill*, 30 Gratt. 72.   (2) The general rule in equity is, that a creditor with a double security against an insolvent estate, or the estate of a dead man, has a right to prove

his whole debt against such estate, without any regard to his collateral security, and if the dividend from the general fund of the estate reduces the debt so that the collateral security will more than pay it, then it becomes the duty of the personal representative or assignee of the estate to redeem the collateral security for the benefit of the general creditors. 1 Story's Eq. Jur. [11 Ed.] sec. 564; *Mason v. Bogg*, 2 My. & Cr. 443; *Jervis v. Smith*, 7 Abb. Pr. Rep. [N. S.] 220; *Emmons v. Bradley*, 56 Me. 333; *Shunk's Appeal*, 2 Pa. St. Rep.; Burrill on Assignments, sec. 440. The rule, however, in this state, seems to be modified to the extent of compelling a creditor, who has partially realized on his collateral, to deduct the amount so realized from the whole debt, and, on the balance, the creditor is entitled to the same dividend out of the general assets of the estate as that paid the unsecured creditor. *McCune's Estate*, 76 Mo. 200. (3) Section 6034, of the Revised Statutes of 1879, can have no application to the case of the appellant. It was passed in 1879, and it cannot be construed to act retrospectively upon contracts made prior to its passage; and even if, in explicit terms, the legislature attempted so to do, such legislation would be within the inhibition of section 10, of article 1, of the constitution of the United States, and of section 15, of article 2, of the constitution of Missouri, of 1875, which prohibits the legislature from the passage of a law "impairing the obligation of contracts, or retrospective in its operation." To make such a statute applicable to the contract of the appellant, entered into in 1872, would be to seriously and substantially impair the obligation of the contract, and to take from him the very means applicable to the performance of such contract. It is not an attempt to affect merely the remedy, but it substantially impairs and lessens the value of the contract itself. Cooley on Const. Lim., sec. 284, *et seq.*; *Green v. Biddle*, 8 Wheat. 75; *McCracken v. Hayward*, 2 How. 608; *Curran v.*

*Arkansas*, 15 How. 304 ; *White v. Hart*, 16 Wall. 640 ; *Von Hoffman v. City of Quincy*, 4 Wall. 535 ; *Edwards v. Kearzey*, 96 U. S. 595 ; *Provident Sav. Bank v. Skating Rink Co.*, 52 Mo. 452 ; *Relfe v. Insurance Co.*, 76 Mo. 594.

*W. S. Relfe* and *George D. Reynolds* for respondent.

(1) The law, established by sections 6034 and 6047, is the only law now in force under which distribution of the assets of this company can be made. Story's Conflict Laws [6 Ed.] secs. 524, 525 ; *Dixon v. Dixon's Ex'r*, 4 La. 191 ; *Jones v. Dexter*, 8 Fla. 276 ; *Harrison v. Sterry*, 5 Cranch, 289 ; *Deichman's Appeal*, 2 Wharton, 395 ; *Place v. Oldham*, 10 B. Mon. 400 ; *Armstrong v. Armstrong*, 1 Ore. 210. It is exclusive and an entire substitute for any rule of equity or principle of the common law. (2) The law of section 6034 is not invalid, as contrary to article 1, section 10, of the constitution of the United States, or article 2, section 15, of the constitution of Missouri. The order in which claims are to be paid is not a question affecting the contract, but relates solely to the remedy. *Union Bank v. Smith*, 4 Cranch. C. C. 37 ; *Commonwealth v. Lewis*, 6 Binney, 271 ; *Morse v. Goold*, 1 Kern, 286 ; *Harrison v. Sterry*, 5 Cranch, 289. (3) In the distribution of personalty, the law of domicile determines the parties to the distribution ; but the law of the forum, in which the estate is being distributed, in force at the time of distribution, governs the order of classification and payment of demands. Story Confl. Laws [6 Ed.] secs. 524, 525 ; *Ennis v. Smith*, 14 How. 424 ; *Harrison v. Sterry, supra ;* 2 Williams Ex'rs [6 Am. Ed.] 1058. (4) Nor can parties contract away the right of the state to alter and repeal such laws. Cooley Const. Lim. [3 Ed.] secs. 287, 288, 289 ; *Conkey v. Hart*, 14 N. Y. 30. (5) To come

within the prohibitions of the constitution of the United States, the law must be one which impairs the obligation of a contract. *Bennett v. Boggs,* 1 Baldwin, 60 ; *Satter. lee v. Matthews,* 2 Peters, 413 ; *Watson v. Mercer,* 8 Peters, 108. (6) Being of the remedy, not of the contract, the priorities in order of payment may be altered, as between creditors, at the will of the legislature. *Sturges v. Crowninshield,* 4 Wheat. 122 ; *Bronson v. Kinzie,* 1 How. 311 ; *Tennessee v. Sneed,* 96 U. S. 69 ; *Penniman's Case,* 103 U. S. 714 ; *Woodbury v. Grimes,* 1 Col. 100. (7) The courts of the United States have recognized these provisions of our law, and held all policy holders in this very company bound by them. *Relfe v. Rundle,* 103 U. S. 222 ; *Rundle v. Life Association,* 10 Fed. Rep. 720.

BLACK, J. — Bockover, the plaintiff, who is a citizen of the state of Virginia, insured his life in the sum of five thousand dollars with the Life Association of America, a corporation organized under the laws of this state. The policy bears date September 28, 1872. The company became insolvent, and, at the instance of the Superintendent of the Insurance Department of this state, was dissolved by a decree of the circuit ꞏcourt of the city of St. Louis on ꞏthe tenth of November, 1879. The plaintiff presented his claim and it was allowed in the sum of $4,415.15, and placed in the fourth class of debts, under section 6047, Revised Statutes, 1879. The superintendent has declared dividends on this class of claims, amounting in all to seventeen and twenty-two hundredths per centum.

The company, in order to do business in the state of Virginia, deposited with the treasurer of that state securities amounting to the sum of ten thousand dollars, for the benefit of policy holders residing in Virginia. After the dissolution of the company, and prior to the payment of any dividends on the fourth class of debts, the

plaintiff and others, citizens of Virginia, proceeded against the fund there. That proceeding resulted in a distribution of the amount there on deposit among the policy holders of that state, and from which source plaintiff received $534.84. The superintendent here paid the plaintiff $225.45, which, with the amount he received from the Virginia fund, makes up the seventeen and twenty-two hundredths per centum. The plaintiff insists that he is entitled to receive the full amount of the dividends, regardless of the amount he received from the deposit of securities with the treasurer of Virginia. He, therefore, moved the court in which the affairs of the dissolved corporation were pending for an order directing the superintendent to pay him the further sum of $534.84. The circuit court declined to award the relief prayed for.

The superintendent, as a justification of his action, relied upon section 6034, Revised Statutes, which is as follows:

"If any company of this state shall, under the requirements of any law of another state or foreign government, have on deposit, in such other state or foreign government, securities, upon which the citizens or residents of such state or government have, by virtue of its laws, a lien, claim, or right, prior or superior to that of the citizens or residents of other states, then no citizen or resident of the state or country in which such deposit is held shall be entitled to share the distribution of the proceeds of the deposits or other assets in this state, until the amount deposited in such other state or country shall be deducted from the claims of the persons who, by the laws of such state or country, hold such prior or superior lien, and until the other policy claimants and creditors of said company shall have received from the proceeds of deposits or other assets an equal per centum upon their claims."

From the statutes of the state of Virginia, and the

adjudications thereon, it is clear that the resident policy holders of that state had a lien on the deposit for claims of the character here in question. *Universal Life Ins. Co. v. Coghill*, 30 Gratt. 721. The statute of this state is plain and needs no comment. It furnished a complete justification to the superintendent for his refusal to pay the plaintiff more than enough to make him equal with the home creditors of the same class.

This section of the statute was enacted in 1879, and became a law before the corporation was dissolved. But it is insisted that, as the policy was issued in 1872, the statute impairs the obligations of contracts, is retrospective, and, therefore, unconstitutional and void. It does not appear to be insisted that the legislature had no power to make this section applicable to the Life Association. Indeed, the section is but an amendment to the act of 1869, which reserved the right to amend, or repeal, the law. Whilst the legislature might alter this general law, which is the charter of the company, still it cannot invalidate contracts of individuals made with the company. But we do not see that the law is of that character. It certainly does not, in terms, relieve the company of anything which it contracted to do. Statutes which merely affect the remedy are not within the constitutional provision, federal or state. It is said in *Tennessee v. Sneed*, 96 U. S. 69 : "The rule seems to be that in modes of proceeding, and of forms to enforce the contract, the legislature has the control, and may enlarge, limit, or alter them, provided that it does not deny a remedy, or so embarrass it with conditions and restrictions as seriously to impair the value of the right." The remedy may be so impaired as to affect the obligation of the contract, and cases of that character are cited by counsel for appellant. Nothing said in *Relfe v. Columbia Life Insurance Company*, 76 Mo. 594, can have any application here, for there the company had been dissolved before section 6047 became a

law.  That case goes upon the theory that the rights of the creditors are fixed upon the dissolution of the corporation, not before.  No specific lien of the plaintiff upon the assets in the hands of the superintendent is displaced, for he had none.  The statute simply places the foreign member of the association, or creditor, as the case may be, upon an equal footing with the home member, or creditor.  Here the dissolved corporation was a mutual company, and the statute is eminently just and proper.  If the section of the statute under consideration is unconstitutional, then, with much more reason, could the one which gives priority to death losses, and matured policy claims, be said to impair the obligation of contracts.  To assert this doctrine is, upon principle, to deny to the legislature the power so to rank debts of deceased persons, as to debts previously contracted, as to change the order of priority of payment as to existing contracts.  Nor is the statute retrospective, for it does not apply to cases where the dissolution took place before the passage of the law.

The judgment is affirmed.   All concur.